IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| JERVON B. CLARK, # 236671, | ) | Civil Action No. 3:04–0711-RBH-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WARDEN CALVIN ANTHONY; | ) | |
| ASSOCIATE WARDEN PRIDGEN; | ) | |
| MAJOR HUGHES; AND | ) | |
| CAPTAIN ARENDA THOMAS, | ) | |
| | ) | |
| Defendants. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

This action was filed by Plaintiff, pro se, on March 11, 2004.[1]  He is an inmate at the Broad River Correctional Institution of the South Carolina Department of Corrections ("SCDC"). At the time of the alleged incidents, he was an inmate at the Lee Correctional Institution ("LCI") of the SCDC.  Defendants filed a motion for summary judgment on October 25, 2004. Because Plaintiff is proceeding pro se, he was advised on October 29, 2004, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint.  Plaintiff filed a response on January 7, 2005.

DISCUSSION

On October 29, 2003, two SCDC correctional officers, Kenneth Dozier and M. Cotton, were taken hostage at LCI.  On November 3, 2003, Plaintiff was given written notice of a charge

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC.  Because this is a dispositive motion, the report and recommendation is entered for review by the court.

of hostage taking.  Plaintiff signed a waiver of his twenty-four hour notice of his disciplinary hearing, noted that he wanted his accuser present at his hearing, and requested a counsel substitute.  Defendants claim that Plaintiff refused to attend his disciplinary hearing and was found guilty in his absence.  Plaintiff denies that he refused to attend the hearing.  He contends that he did not participate in the hostage taking.  Based on testimony by Captain Arenda Thomas that Plaintiff was positively identified as being a participant in the hostage taking, Plaintiff was found guilty of the charge of  hostage taking.  He received the sanction of a loss of telephone privileges for forty-five days.  Defendants' Motion for Summary Judgment, Ex. B.  The disciplinary committee also recommended a reduction in custody level and that Plaintiff be placed in "Supermax" at Kirkland Correctional Institution.

Plaintiff alleges that Defendants violated his Fourteenth Amendment rights because he was denied due process at his disciplinary hearing.  He alleges that his Eighth Amendment rights were violated because he has been held in solitary confinement since October 29, 2003.  Defendants argue that they are entitled to summary judgment because: (1) Plaintiff failed to exhaust his administrative remedies;[2] (2) Defendants are entitled to Eleventh Amendment immunity; and (3) Defendants are entitled to qualified immunity.

1.     Disciplinary Action/Due Process

Plaintiff alleges that the disciplinary hearing violated his constitutional rights because he was not allowed to be present at the hearing and call certain witnesses.  Defendants

---

[2]Defendants argue that Plaintiff failed to exhaust his administrative remedies because he did not file a Step 2 Grievance Form.  Plaintiff, however, submitted a copy of his Step 2 grievance, including SCDC's response.  Plaintiff's Opposition Memorandum, Ex. E.

contend that pursuant to SCDC Policy 4(a)(1), if an inmate refuses to or fails to appear at a disciplinary hearing it may be conducted in the inmate's absence. <u>See</u> Defendant' Ex. E. Defendants argue that because they followed SCDC policy they did not violate any of Plaintiff's constitutional rights. Plaintiff fails to show that he has a protected liberty interest in his disciplinary hearing because he never lost any good-time credit for his disciplinary infraction. <u>See</u> <u>Wolff v. McDonnell</u>, 418 U.S. 539, 571 (1974). He merely received a forty-five day suspension of his telephone privileges. Plaintiff's due process claim fails because he has not shown that has a protected liberty interest in the use of a telephone. <u>See</u> <u>Sandin v. Connor</u>, 515 U.S. 472 (1995); <u>see</u> <u>also</u> <u>Hadley v. Peters</u>, 70 F.3d 117 (7th Cir. 1995)[Table]("The denial of telephone privileges for ten days is not a matter of constitutional dimension."), <u>cert.</u> <u>denied</u>, 517 U.S. 1111 (1996); <u>White v. Keller</u>, 438 F. Supp. 110 (D.Md. 1977), <u>aff'd</u>, 588 F.2d 913 (1978)(prisoners do not have a constitutional right to prison visitation); <u>May v. Baldwin</u>, 895 F. Supp. 1398, 1409 (D.Ore. 1995)(brief suspension of television and telephone privilege does not amount to constitutional violation), <u>aff'd</u>, 109 F.3d 557 (9th Cir. 1997), <u>cert.</u> <u>denied</u>, 522 U.S. 921 (1997).

2.     <u>Administrative Segregation</u>

Plaintiff alleges that his Eighth Amendment rights have been violated because he was placed in "solitary" or administrative segregation after the hostage taking. Defendants argue that it was objectively reasonable to place Plaintiff in solitary confinement after he was accused of hostage taking.

Prisoners do not have a constitutionally recognized liberty interest in a particular security classification or prison placement. <u>Hewitt v. Helms</u>, 459 U.S. 460, 468 (1983)(no constitutional right under the Due Process Clause to a particular security classification or prison placement).

3

An inmate does not have a constitutional right to be confined in a particular location.  See Olim

v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976).  In Sandin v.

Conner, 515 U.S. 472 (1995), the United States Supreme Court held that a change in the condition

of a prisoner's confinement that does not exceed the scope of the original sentence gives rise to

a federally-protected liberty interest only if it "imposes atypical and significant hardship on the

inmate in relation to the ordinary incidents of prison life."  Id. at 483.  In Sandin, the Court

concluded that the plaintiff's "segregated confinement did not present the type of atypical,

significant deprivation in which a state might conceivably create a liberty interest."  Id. at 485.

Under the analysis set forth in Sandin, Plaintiff cannot show that he has a protected liberty interest

in his security or custody classification.  Id. at 483-85; see Backey v. South Carolina Dep't. of

Corrections, 73 F.3d 356, 1996 WL 1737 (4th Cir. Jan. 3, 1996) [Table](allegations of wrongful

placement in administrative segregation do not involve the kind of significant or atypical hardship

necessary to invoke due process rights); Joseph v. Gillespie, 73 F.3d 357, 1995 WL 756280 (4th

Cir. December 21, 1995)[Table]("Administrative segregation is not an 'atypical and significant

hardship' relative to the ordinary incidents of prison life that would give rise to a liberty interest

protected by any procedure."); Reffitt v. Nixon, 917 F. Supp. 409, 412 (E.D.Va. 1996)(plaintiff

has no protected interest in remaining in or being released into general population), aff'd, 121

F.3d 699 (4th Cir. 1997).

        Plaintiff fails to show that his Eighth Amendment rights were violated by Defendants'

actions because he fails to show that he suffered from any serious or significant physical or

emotional injury from being placed in administrative segregation.  The Eighth Amendment

provides protection with respect to "the treatment a prisoner receives in prison and the conditions

4

under which he is confined." Helling v. McKinney, 509 U.S. 25, 31 (1993). However, the

constitutional prohibition against the infliction of cruel and unusual punishment "does not mandate

comfortable prisons, and only those deprivations denying the minimal civilized measure of life's

necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson

v. Seiter, 501 U.S. 294, 298 (1991). Eighth Amendment protection from cruel and unusual living

conditions has both objective and subjective components. First, deprivations must be objectively

serious in the sense that they violate contemporary notions of decency. Rhodes v. Chapman, 452

U.S. 337 (1981). Second, the plaintiff must show that subjectively the prison officials acted with

a sufficiently culpable state of mind. Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.), cert.

denied, 510 U.S. 949 (1993). The Supreme Court has held that prison officials cannot be held

liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to

inmate health or safety. Farmer v. Brennan, 511 U.S. 825 (1994). A plaintiff must produce

evidence of serious or significant physical or emotional injury resulting from the challenged

conditions to withstand summary judgment on a prison living conditions claim. Strickler, 989

F.2d at 1380-81.

Plaintiff merely alleges that he suffered mental stress. There is no federal constitutional

right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there

is no liability under § 1983 regarding such claims. See Grandstaff v. City of Borger, 767 F.2d

161 (5th Cir. 1985), cert. denied, 480 U.S. 916 (1987); and Rodriguez v. Comas, 888 F.2d 899,

903 (1st Cir. 1989). The PLRA provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.[3]

3.    Immunity

Defendants argue that they are entitled to Eleventh Amendment immunity.  When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest.  If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution.  Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state.  In the case of Will v. Michigan Department of State Police, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated,

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  The Eleventh Amendment bars such suits unless the State has waived its immunity [cites omitted] or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

Id. at 66.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes,"

---

[3]The PLRA does not define "physical injury" and the Fourth Circuit has not ruled on the issue, but the Fifth Circuit held that "physical injury" must be more than de minimis, but need not be significant.  Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997)(concluding that a sore, bruised ear lasting for three days was de minimis and failed to meet the requisite physical injury to support a claim of emotional or mental suffering); see also Zehner v. Trigg, 952 F. Supp. 1318 (S.D. Ind. 1997)(exposure to asbestos not physical injury necessary to support claim for mental or emotional injury under the PLRA), aff'd, 133 F.3d 459 (7th Cir. 1997).

but the court found that state agencies, divisions, departments, and officials are entitled to the

Eleventh Amendment immunity.  Id. at 70.  In reaching this conclusion, the court held that a suit

against state officials acting in their official capacities is actually against the office itself and,

therefore, against the state.   State officials may only be sued in their individual capacities.

Therefore, Defendants are entitled to Eleventh Amendment immunity from monetary damages in

their official capacities.

Defendants argue that they are entitled to qualified immunity in their individual capacities.

The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which

the court is to follow in determining whether a defendant is protected by this immunity.

> Government officials performing discretionary functions generally are
> shielded from liability for civil damages insofar as their conduct does not
> violate clearly established statutory or constitutional rights of which a
> reasonable person would have known.

Harlow, supra, at 818.

The Court of Appeals for the Fourth Circuit, discussing qualified immunity, stated:

> Qualified immunity shields a governmental official from liability for civil
> monetary damages if the officer's "conduct does not violate clearly
> established statutory or constitutional rights of which a reasonable person
> would have known."  "In determining whether the specific right allegedly
> violated was 'clearly established,' the proper focus is not upon the right at
> its most general or abstract level, but at the level of its application to the
> specific conduct being challenged."  Moreover, "the manner in which this
> [clearly established] right applies to the actions of the official must also be
> apparent."  As such, if there is a "legitimate question" as to whether an
> official's conduct constitutes a constitutional violation, the official is entitled
> to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S.

824 (1995).  As discussed above, Plaintiff fails to show that Defendants violated any of his clearly

established constitutional or statutory rights.    Therefore, Defendants are entitled to qualified

immunity in their individual capacities as to monetary damages.

CONCLUSION

Based on a review of the record, it is recommended that Defendants' motion for summary

(Doc. 30) judgment be granted.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

May 31, 2005

Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

9
