UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jervon B. Clark, # 236671, ) | C/A No. 3:04-0711-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Warden Calvin Anthony; Associate Warden ) | |
| Pridgen; Major Hughes; and Captain ) | |
| Arenda Thomas, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Jevron B. Clark is an inmate of the South Carolina Department of Corrections ("SCDC"). At the time of the filing of this lawsuit, plaintiff was an inmate with the Lee Correctional Institution ("LCI").[1]  Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated. In particular, the plaintiff alleges that his Fourteenth Amendment rights were violated because he was denied due process at his disciplinary hearing and his Eighth Amendment rights were violated because was held in solitary confinement.

This matter is before the court on defendants' motion for summary judgment filed October 25, 2004. By order filed October 29, 2004, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response to the motion for summary judgment on January 7, 2005.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter was

---

[1] Plaintiff is currently incarcerated at the Broad River Correctional Institution.

1

referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. The Magistrate Judge issued a Report and Recommendation on May 31, 2005, in which she recommended the defendants' motion for summary judgment be granted. Plaintiff timely filed objections to the Report and Recommendation on June 17, 2005.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

**Facts**

Two SCDC correctional officers, Kenneth Dozier and M. Cotton, were taken hostage at LCI on October 29, 2003. On November 3, 2003, plaintiff was given written notice of a charge of hostage taking. Plaintiff signed a waiver of his right to twenty-four (24) hour notice of his disciplinary hearing and requested a counsel substitute. Defendants claim that plaintiff refused to attend his disciplinary hearing, but plaintiff denies that he refused to attend the hearing. At the disciplinary hearing, plaintiff was found guilty in his absence based on the testimony of Captain Arenda Thomas that plaintiff was

positively identified as being a participant in the hostage taking. Plaintiff contends that he did not participate in the hostage taking. Plaintiff received the sanction of loss of his telephone privileges for forty-five (45) days. The disciplinary committee also recommended that plaintiff be placed in "Supermax" at Kirkland Correctional Institution.

## Summary Judgment Standard

Defendants filed their motion for summary judgment pursuant to Rule 56, FRCP. The moving party bears the burden of showing that summary judgment is proper. Summary Judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rules 56(c), FRCP; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. *Celotex*, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *Barber v. Hosp. Corp. of Am.*, 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at trial on the merits." *Mitchell v. Data General Corp.*,

12 F.3d 1310, 1316 (4th Cir. 1993).

## Discussion

In his complaint, plaintiff alleges that the defendants violated his Fourteenth Amendment rights because he was denied due process at his disciplinary hearing. He also alleges that his Eighth Amendment rights were violated because he was placed in solitary confinement. In their motion defendants argue that they are entitled to summary judgment because: (1) plaintiff failed to exhaust his administrative remedies;[2] (2) they are entitled to Eleventh Amendment immunity; and (3) they are entitled to qualified immunity. The plaintiff objects to the Magistrate Judge's recommended disposition of this case. His objections follow the Magistrate Judge's analysis of the motion for summary judgment.

**Eleventh Amendment Immunity**

The defendants argue that they are entitled to Eleventh Amendment immunity. Absent waiver or consent, the Eleventh Amendment bars suits directly against a state or its agencies, regardless of the nature of relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *see also Vermont Agency of Natural Resources v. U.S.*, 529 U.S. 1858 (2000). The Eleventh Amendment is a limit on federal court's jurisdiction. *California v. Deep Sea Research, Inc.*, 523 U.S. 491, 501 (1998). The bar is effective whether the state is a named party or a party in fact. *Scheuer v. Rhodes*, 416 U.S. 232, 237 (1974), *overruled on other grounds*, *Davis v. Sherer*, 468 U.S. 183 (1984). The Eleventh Amendment does not bar damage awards against state officials sued in their *individual* capacities for intentional deprivations of constitutional rights under color of state law. *Ex parte*

---

[2] The Magistrate Judge did not address this ground in the Report because plaintiff submitted a copy of his Step 2 grievance as well as SCDC's response to that grievance. Defendants have not objected to any portion of the Report. Consequently, this Court will not address exhaustion.

*Young*, 209 U.S. 123, 155-56 (1908); *Sales v. Grant*, 224 F.3d 293, 297 (4th Cir. 2000). However, the Eleventh Amendment bars a claimant's efforts to enforce in federal any obligation that the state may have to pay a money judgment  *In re: Secretary of Dep't of Crime Control and Pub. Safety*, 7 F.3d 1140, 1144-45 (4th Cir. 1993). Consequently, to the extent plaintiff is suing defendants for monetary damages in their official capacity, the Eleventh Amendment grants them immunity from suit.

**Qualified Immunity**

Defendants also argue that they are entitled to qualified immunity in their individual capacities. Public officials are free from liability for monetary damages if they can plead and prove that their conduct did not violate clearly established statutory of constitutional rights of which a reasonable person would have known. *Wilson v. Layne*, 526 U.S. 603, 609 (1999). Qualified immunity exists to protect officers in the performance of their duties unless they are "plainly incompetent" or they "knowingly violate the law." *Doe v. Broderick*, 225 F.3d 440, 446 (4th Cir. 2000).

In *Harlow v. Fitzgerald*, 457 U.S. 800, 815-16 (1982), the Supreme Court adopted an objective test for qualified immunity. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). Such a test makes the official's subjective intent irrelevant. *Crawford-El v. Britton*, 523 U.S. 574 (1998). The qualified immunity test necessitates a two-part, sequential analytical process. *Wilson*, 526 U.S. at 609; *Broderick*, 225 F.3d at 446. First, the right should be defined in a particularized sense; its contours must be sufficiently clear that a reasonable officer would understand his conduct violates the right. *Anderson*, 483 U.S. at 640. Second, the Court must determine whether the right was clearly established at the time of the violation. *Broderick*, 225 F.3d 453.

Plaintiff alleges that the disciplinary hearing violated his constitutional rights because he was

5

not allowed to be present at the hearing and to call certain witnesses. Defendants contend that they followed SCDC Policy 4(a)(1) which allows a disciplinary hearing to be conducted in an inmate's absence if an inmate refuses to or fails to appear at a disciplinary hearing. They argue that they did not violate any of plaintiff's constitutional rights because they followed SCDC policy.

When the loss of a liberty interest is at issue, the Supreme Court has mandated procedural safeguards. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).[3] The question then becomes whether the plaintiff has alleged the loss of a liberty interest. Plaintiff alleges that as a result of the disciplinary hearing he lost telephone privileges and was placed in "solitary confinement" after the hostage taking. In order to show the deprivation of a liberty interest regarding custody classifications, an inmate must show either (1) the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause by its own force or (2) the confinement creates an atypical or significant hardship *and* the state has granted its inmates, by regulation or statute, a protected liberty interest in remaining free from that confinement or restraint. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).

While the plaintiff said that he was placed in "solitary confinement," it is unclear to the Court what sort of segregation in which the plaintiff was placed. Confinement in administrative segregation does not exceed the sentence imposed in such an extreme way as to give rise to the protection of the Due Process Clause by its own force. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). In order to determine whether inmates possessed a liberty interest, the Court must compare conditions to which an inmate was exposed in administrative segregation with those they could expect to experience as an ordinary incident of prison life. *See id.* at 503. Disciplinary segregation does not create a major

---

[3] It appears to the Court that much of the plaintiff's objections are quoted from the dissent of this case.

6

disruption in a prisoner's environment, and a mere chance or probability that a single factor will affect a future parole decision is too attenuated to invoke the Due Process Clause. *Id*. at 486-87. Additionally, no liberty interest is created in custodial classifications. *Meachum v. Fano*, 417 U.S. 215, 225 (1976) (transfer to higher security facility); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).

In the instant case, plaintiff has said only that he was placed in solitary confinement and lost his telephone privileges. He has not alleged that the specific conditions of segregation were dramatically different from those one would expect to experience as an ordinary incident of prison life. Nor has he alleged that a specific South Carolina regulation provides him with a liberty interest. Consequently, the Court finds that plaintiff has failed to establish a liberty interest and, therefore, he was not entitled to any procedural safeguards as to the disciplinary procedure. The plaintiff has failed to allege violation of a clearly established constitutional right. As a result, the defendants are entitled to qualified immunity to the extent they are sued in their individual capacities.

## Conclusion

After a review of the case law and record before it, the Court adopts the Report and Recommendation of the Magistrate Judge, incorporates it herein by reference and, overrules plaintiff's objections. For the reasons stated therein and in this order, defendants' motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

July 26, 2005
Florence, SC